```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
                                                    JURY TRIAL DEMANDED
DEVION BOLDS,
                                                    Docket No.
            Plaintiff,

    -against-
                                                    COMPLAINT
THE CITY OF NEW YORK, ADAM MCLAWHORN,
and LEWIS LIEBERMAN

            Defendants.
--------------------------------------X
```

Plaintiff Devion Bolds ("Bolds" or "plaintiff") by his attorneys Eric R. Bernstein, P.C., as and for his Complaint against the defendants, alleges the following:

**PRELIMINARY STATEMENT**

1. This is a civil rights action brought by the plaintiff in response to the false arrest, false imprisonment, malicious prosecution, and deprivation of rights to a speedy trial.

2. The plaintiff Bolds was arrested, charged with shooting a man to death, and was remanded for 5 years on Rikers Island before being acquitted.

3. The plaintiff's damages resulted, inter alia, from the failure of the police officers/detectives, and prosecutors, in

1

their investigative capacity to uphold their obligations under *Brady v. Maryland*, 373 U.S. 83 (1963).

4. The investigation lead by Detective Adam McLawhorn (hereinafter Mclawhorn) consisted of exculpatory evidence that was never disclosed.

5. Brought to light, this exculpatory evidence would have, at the very least, resulted in Bolds being allowed to post bail sooner than 5 years after his arrest.

6. During the trial, the only alleged eyewitness, Heidi Santos, testified that he knew Bolds from the neighborhood.

7. Heidi Santos, (hereinafter Santos), a known neighborhood convicted Felon, drug addict, and alcoholic, was forced by Detective Mclawhorn and, and his brethren including District Attorney Lewis Lieberman (hereinafter Lieberman), to lie but never saw the shooter.

8. That Santos never saw the shooter was never disclosed.

9. The defendants also failed to disclose that Santos was intoxicated at the time of the shooting.

10. The defendants also knew but failed to disclose Santos was intoxicated during the identification procedure (that lead to Mr. Bold's arrest, indictment, and Remand).

2

11. The defendants knew but failed to disclose that Santos was given alcohol by Lieberman, during the identification procedure in the presence of McLawhorn.

12. These facts are exculpatory and under *Brady* were required to be disclosed. Furthermore, Lieberman was obligated to disclose this *Brady* material the moment he became aware.

13. It is important to note, no weapon was recovered, no DNA, fingerprints, ballistics or other forensic evidence linked Mr. Bolds to the crime.

14. The City of New York is liable for the damages caused by the *Brady* violations because the damages foreseeably resulted from the unlawful or deliberately indifferent policies, customs, and practices of the New York City Policy Department ("NYPD"), its employees and agents and the KCDA. Had the information above, revealed at trial for the first time, been disclosed as required, instead of during trial, it would have formulated the basis for a bail hearing. At the bail hearing, Mr. Bolds would have received bail re-set, as he did in March 2021, from Remand status much sooner than 5 years later.

15. This failure to disclose *Brady* material caused the plaintiff to suffer immensely and continues to suffer from his unlawful arrest and prosecution, and from being unlawfully

confined on Rikers Island, without bail, for 5 years, awaiting trial.

16. Furthermore, none of the allegations stated herein, as testified to by Santos, were rebutted at trial.

17. Plaintiff seeks to recover money damages because defendants' conduct violated his rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and his rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States, and the laws of the State of New York.

18. The entire case against Mr. Bolds was predicated on the gross misconduct of Mclawhorn and the Lieberman. They were was present and complicit in the abhorrent pre-arrest identification procedure. It was this identification procedure that provided the probable cause for Bold's arrest and 5 years of incarceration awaiting trial.

19. The only evidence tying Mr. Bolds to the crime, consists of cell phone tower data that put Mr. Bolds in the area of the crime when it happened and an eyewitness that saw Mr. Bolds nearby earlier the same day.

**FACTS**

20. Devion Bolds was a taxi passenger on February 17, 2016 heading to brunch, with his pregnant girlfriend, when the New York City Policy Department and Detective Squad pulled the taxi over with guns drawn. Mr. Bolds was immediately handcuffed and placed into custody to be charged with murder. He was brought to the 77th precinct where he was interrogated. Two days later he was arraigned on charges of Manslaughter and Murder for a shooting that occurred on September 5, 2015 at approximately 12:00am opposite 500 Sterling Plance, Brooklyn, New York.

21. Mr. Bolds was Remanded to Riker's Island where he spent the next 5 years awaiting trial because of the eyewitness identification made by Santos.

22. During the course of the proceedings Mr. Bold's defense counsel made demands for Brady material.

23. The People's response in September 2016 acknowledged their responsibility to disclose exculpatory *Brady* material but offered no substantive responses.

24. At that time, Santos had already been used in the identification procedures and the exculpatory material was in the possession of the defendants. To wit, Lieberman gave Santos

alcohol during the line-up even though Santos was already intoxicated.

25. Depriving Mr. Bolds and his legal defense of Santos' exculpatory information violated *Brady*.

26. On March 11, 2021, the unduly slow pace of prosecution resulted in a bail hearing and Mr. Bolds was finally permitted to post bail, (TEN THOUSAND DOLLARS), $10,000.00.

27. In setting bail the court recognized the violation of Mr. Bolds right to a "speedy trial" under New York Criminal Procedure law section 30.30.

28. There is no question that had the truth about Santos been known, Bolds would have been released on his own recognizance or at least low bail long before March 11, 2021.

29. Had the truth about Santos been disclosed perhaps Mr. Bolds would never have been charged and indicted.

30. On December 9, 2021 after a 5-day jury trial before Hon. Judge Hecht Mr. Bolds was found Not Guilty in Kings County Supreme Court.

31. The verdict was not shocking considering Santos testified he told Mclawhorn he was intoxicated when the shooting happened, given alcohol by Lieberman during the identification

procedure in Mclawhorn's presence, knew Bolds from the neighborhood, but never saw the shooter.

32. Of course, nobody testified that Mr. Bolds was the shooter.

33. While the NYPD and KCDA sat on the *Brady* material and while Mr. Bolds sat on Riker's Island, he suffered the indignity of being denied his daily freedom.

34. Mr. Bolds was also placed in solitary confinement on two occasions and was assaulted.

35. Mr. Bolds lost business opportunities and suffered the foreseeable consequences of being deprived his civil rights while in jail.

36. Mr. Bolds was forced to hire private criminal counsel that cost $30,000.00.

37. The defendants denied Mr. Bolds his constitutional and common law rights when he was arrested and jailed for 5 years waiting for a trial.

38. The fact that the murder trial only lasted 5 days sheds light on the lack of evidence the prosecution possessed.

39. The defendants initiated and continued the prosecution of Mr. Bolds without probable cause to believe him guilty of the

7

crimes charged and failed to turn over exculpatory evidence to the KCDA and Mr. Bolds.

40. Further the unconstitutional acts committed by the Named Defendants and prosecutors in the KCDA's office were part of a widespread and persistent pattern and practice at the NYPD and KCDA's office in the years surrounding Mr. Bold's arrest and prosecution such that they constituted the custom and de facto policies of the two organizations.

41. Policymaking officials at both the NYPD and KCDA's office acted with deliberate indifference to the constitutional rights of individuals charged with criminal activity, implemented or tolerated plainly inadequate policies, procedures, regulations, practices, customs, training, supervision, and/or discipline concerning the constitutional duty of officers and prosecutors to turn disclose exculpatory evidence/Brady material.

42. In 2021 there were over 1,600 people on Riker's Island waiting over 1 year for a trial. There were over 700 people waiting for over 2 years and Mr. Bolds was one of them. Mr. Bold's story is emblematic of the injustice suffered by many. The City of New York treats defendants as "presumed guilty"

and allows the accused to serve prolonged unofficial jail sentences before their trial.

43. The defendants' failure to disclose the exculpatory evidence caused Mr. Bolds to be yet another individual robbed of his freedom, dignity, and constitutional rights.

## **JURISDICTION**

44. This action is brought pursuant to 28 U.S.C. 1331 and 1343 and 42 U.S.C. 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States. This Court has jurisdiction over the supplemental claims arising under New York State law pursuant to 28 U.S.C. 1331, 1343(a)(3), and (a)(4). Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. 1367 over all State law claims for relief which derive from the same nucleus of operative facts and are part of the same cause or controversy that give rise to the federal based claims for relief.

## **VENUE**

45. Venue properly lies in this judicial district pursuant to 28 U.S.C. 1391(a),(b) and (c), because the claims arose and plaintiff resides in this district.

**PARTIES**

46. Plaintiff Devion Bolds is a resident of Kings County, State of New York.

47. The City of New York (hereinafter City) is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department (The New York City Police Department, NYPD) and its Detectives and other employees who act as agents of the City in the area of law enforcement and for which it is ultimately responsible. The defendant City assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers provided by the NYPD.

48. McLawhorn was at all relevant times a detective employed by the NYPD, acting within the scope of his authority and under color of State law. He is named here in his individual and official capacities. On the date of the arrest he was assigned to the 77th precinct.

49. At all times herein, defendant Lieberman was acting as an agent, servant, and employee of the KCDA and The City of New York and is being sued in his individual and official capacity.

50. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of

their duties and functions as agents, servants, employees and officers of the NYPD and KCDA and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. Mclawhorn was acting for and on behalf of the NYPD at all relevant times, with the power and authority vested in him as an officer/detective, agent and employees of the NYPD and incidental to the lawful pursuit of his duties as an officer, employee and agent of the NYPD and KCDA. Lieberman was acting for and on behalf of the NYPD and KCDA at all relevant times, with the power and authority vested in him as a lawyer/prosecutor, agent and employees of the NYPD and KCDA and incidental to the lawful pursuit of his duties as an officer, employee and agent of the KCDA and City of New York.

51. A notice of claim was served on the Comptroller of the City of New York. At least thirty days have elapsed since the service of such notice, and adjustment and/or payment has been neglected and/or refused.

52. A 50-h hearing was held on March 2, 2022 and continued and concluded on March 4, 2022.

### FIRST CLAIM FOR RELIEF
### Violation Of Plaintiff's
### Fourth and Fourteenth Amendment Rights

53. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-52 above as if set forth in full herein.

54. Defendant CITY, Mclawhorn, and Lieberman, its employees, agents, and assigns, acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause in violation of plaintiff's right to be free from an unreasonable seizure under the Fourth Amendment to the Constitution of the United States, and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

55. Plaintiff suffered injury as a result of defendant's conduct.

### SECOND CLAIM FOR RELIEF
### False Arrest And False Imprisonment

56. Plaintiff realleges each and every allegation contained in paragraphs 1-55 of the complaint.

57. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New

York. Defendants intended to confine plaintiff, and in fact, confined plaintiff, and plaintiff was conscious of the confinement. Moreover, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

58. Defendant(s) Mclawhorn and Lieberman was at all times an agent, servant, and employee acting within the scope of his employment by the City of New York, NYPD, and KCDA, which are therefore responsible for their conduct.

59. Plaintiff suffered injury as a result of defendants conduct.

60. Pursuant to 28 U.S.C. 1367, this court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### THIRD CLAIM FOR RELIEF
### Malicious Prosecution

61. Plaintiff realleges each and every allegation contained in paragraphs 1-60 of the complaint.

62. The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and under the Fourth Amendment to the Constitution of the United States. Defendants commenced and continued a criminal proceeding against the plaintiff. Defendants acted with actual malice in commencing and continuing the proceeding and there was an

13

absence of probable cause for the criminal proceeding. Furthermore, the criminal proceeding was terminated favorably to plaintiff.

63. Defendants were at all relevant times, agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD, which are therefore responsible for their conduct.

64. The defendants, McLawhorn, and Lieberman knew that the only identification witness never saw the shooter, was an intoxicated drug addict who was also drunk when he was asked to identify the defendant, and provided alcohol by the KCDA through Lieberman.

65. Moreover, as the case languished for 5 years, McLawhorn failed to ever communicate with the KCDA and Lieberman about the unreasonableness of allowing Mr. Bolds to remain Remanded. Most importantly, McLawhorn never explained to the assigned assistant that the witness identification procedure was fatally flawed and would likely result in a not-guilty verdict.

66. Plaintiff suffered injury as a result of the defendant's conduct.

67. Pursuant to 28 U.S.C. 1367, this Court has supplemental or pendant jurisdiction to hear and adjudicate such claims.

Pursuant to the Fourth Amendment of the United States Constitution, this Court has jurisdiction to hear the federally based claim.

### FOURTH CLAIM FOR RELIEF
### Denial Of Due Process Against
### Adam Mclawhorn And Lewis Lieberman

68. Plaintiff realleges each and every allegation contained in paragraphs 1-67 of the complaint.

69. The named defendants initiated, or caused the initiation of criminal proceedings against Mr. Bolds.

70. The named defendants created an identification procedure that involved an intoxicated individual likely to influence the Grand and petit juries. Their misdeeds include but are not limited to allowing an already intoxicated individual to participate in a lineup and then providing more alcohol to the same individual during the lineup.

71. The named defendants then utilized the results of the tainted identification procedure and forwarded the information to prosecutors with the express purpose of causing criminal proceedings to be instituted against Mr. Bolds, even though they could reasonably foresee that their actions would contribute to the prosecutors' decision to prosecute Mr. Bolds, including requesting remand until trial.

72. The named defendants, individually and collectively, acted in concert, aided and abetted each other to utilize an intoxicated individual, and ply him with more alcohol, during the most important part of a criminal proceeding and which was then the basis for Mr. Bolds arrest, prosecution, and 5 years of incarceration awaiting trial.

73. The named defendants did so knowing the evidence was false or was at best tainted and/or with deliberate indifference to whether it was true or false.

74. Mr. Bolds was Constitutionally entitled to have a lineup involving a sober witness not an intoxicated person.

75. As a direct and proximate result of the defendants creation and use of a tainted identification procedure Mr. Bolds was arrested without probable cause, remanded, and held for 5 years awaiting trial.

76. Thus, the named defendants knew that they lacked probable cause to initiate criminal proceedings against Mr. Bolds.

77. Additionally, the named defendants, acting individually and in concert and conspiracy with one another, covered up, lied to prosecutors, and withheld knowledge from Mr. Bolds of

16

*Brady* material.

78. The named defendants knew they had duties under the United States Constitution as well as the laws and regulations of the State and City of New York (a) to disclose Brady material to the Kings County District Attorney's Office so that it could be disclosed to the defense and used to prevent the false arrest, malicious prosecution, and false imprisonment of Mr. Bolds based upon false, misleading, or incomplete evidence and/or (b) to make truthful statements to the prosecution concerning *Brady* material and not to cause or continue Mr. Bolds unconstitutional arrest, prosecution, and incarceration and resultant injuries by lying about such evidence.

79. Notwithstanding their awareness of their duties, the named defendants prior to Mr. Bolds trial, intentionally, recklessly, and/or with deliberate indifference to their legal obligations, concealed *Brady* material from, lied about, and otherwise failed to disclose *Brady* material to Mr. Bolds.

80. They did so with the knowledge that their conduct would result in the prosecutors, Judge in charge of bail, Grand jury and petit jury being providing a false or misleading picture of the circumstances surrounding the murder at issue and of the reliability, thoroughness, honesty, and professionalism of the

17

police investigation, and would thereby substantially increase the likelihood of conviction of Mr. Bolds in violation of Mr. Bolds federal constitutional rights.

81. The aforesaid conduct of the named defendants operated to deprive Mr. Bolds of his right to due process under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

82. Upon information and belief, the named defendants knew of their wrongful acts and displayed deliberate indifference to Mr. Bolds constitutional rights by failing to rectify one another's wrongful acts.

**JURY DEMAND**

83. Plaintiff hereby demands a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for relief as follows:

A. That the jury find and the Court adjudge and decree that plaintiff Devion Bolds shall recover compensatory damages in an amount to be determined at trial against the individual defendants and the City of New York, jointly and severally, together with interests and costs, and punitive damages in an amount to be determined at trial against the individual defendants jointly and severally.

B. That the plaintiff recovers the cost of this suit, including reasonable attorney's fees pursuant to 42 U.S.C. 1988.

C. That the plaintiff has such other and further relief as the Court shall deem just and proper.

Dated: May 25, 2022
    New York, New York

Eric R. Bernstein, P.C.
By:_/s/Eric R. Bernstein, Esq
260 Madison Avenue 18th floor
New York, New York 10015
(212) 683-1530
ebernstein@nylegaljustice.com